UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA MANN,<br>　　　Plaintiff,<br><br>v.<br><br>HOSPICE OF SOUTHERN ILLINOIS,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CARLA D. AIKENS, P.L.C.
Carla D. Aikens (6296269)
*Attorney for Plaintiff*
615 Griswold Street, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com

---

# COMPLAINT

Plaintiff Lisa Mann, by and through her attorneys, Carla D. Aikens, P.L.C, submit the following Complaint against Defendant Hospice of Southern Illinois.

## JURY DEMAND

COMES NOW Plaintiff Lisa Mann and hereby demands trial by jury.

## JURISDICTION

1.　At all relevant times to this complaint, Plaintiff Lisa Mann was a resident of Williamson County in the State of Illinois.

2. Defendant Hospice of Southern Illinois. is domestic profit corporation that maintains a place of business at 305 S. Illinois Belleville, IL 62220.

3. This action is brought in this Court on the basis of federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5. Venue is proper in the Southern District of Illinois pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff began her employment with Defendant on or about September 9, 2019.

7. During the course of Plaintiff's employment, the COVID-19 pandemic spread throughout the globe resulting in numerous laws, executive orders, and polices related to its spread.

8. On or about August 26, 2021, Executive Order 2021-20 (COVID-19 Executive Order No. 87) was issued that covered, among other things, the vaccination requirements for health care workers.

9. Defendant has alleged that Plaintiff, in her role with Defendant, was a healthcare worker as defined by Executive Order 2021-20 (COVID-19 Executive Order No. 87).

10. Within that executive order, the following language was included in Section 2(e):

> Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if (1) vaccination is medically contraindicated, including any individual who is entitled to an accommodation under the Americans with Disabilities Act or any other law applicable to a disability-related reasonable accommodation, or (2) **vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).**(emphasis added)

11. Subsection (d) states in relevant portion:

> (d) Beginning 10 days after issuance of this Executive Order, to enter or work at or for a Health Care Facility, Health Care Workers who have not been fully vaccinated against COVID-19 must undergo testing for COVID-19, as described below, until they establish that they are fully vaccinated against COVID-19:
>
> (i) Health Care Workers who are not fully vaccinated against COVID-19 must be tested for COVID-19 weekly, at a minimum. The testing must be done using a test that either has Emergency Use Authorization by the FDA or is be operating per the Laboratory Developed Test requirements by the U.S. Centers for Medicare and Medicaid Services.
>
> (ii) Such testing for Health Care Workers who are not fully vaccinated against COVID-19 must be conducted on-site at the Health Care Facility or the Health Care Facility must

>> obtain proof or confirmation from the Health Care Worker of a negative test result obtained elsewhere.

12. Despite the above, Plaintiff disputes that she was an "essential worker" because she worked in marketing and could work from home, particularly since, at the time, there were few if any in-person events.

13. Defendant adopted a policy that required employees to receive their first COVID-19 vaccination by September 19, 2021.

14. Defendant offered the option to submit a religious exemption to this policy, as required by Section 2(e) of Executive Order 2021-20 (COVID-19 Executive Order No. 87), hereinafter referred to as "Executive Order."

15. On September 3, 2021 Plaintiff submitted a request for religious exemption including her personal statement and the form requested by Defendant.

16. On September 7, 2021, Defendant's HR Department requested Plaintiff provide "additional documentation or a statement from your church or pastor."

17. When Plaintiff asked for clarification on what type of additional documentation would be needed, Plaintiff was told "this is part of the interactive process and each religious accommodation is reviewed on a case by case basis. While you have provided documentation of your sincerely held religious beliefs, we would need appropriate documentation from your religious leader/church regarding the religious belief that conflicts with the employer's vaccination requirement."

18. On September 13, 2021, Plaintiff submitted to Defendant's HR Department a letter from her pastor that supported her claims regarding the sincerity of her religious beliefs.

19. On September 15, 2021, a meeting with Defendant's HR Director and another of Defendant's HR personnel occurred where Plaintiff was handed a letter stating her employment would be terminated if she did not comply with being vaccinated.

20. Defendant acknowledged the sincerity of her requested exemption, but declined to accept COVID testing as an alternative to the vaccine.

21. Further, the testing was at no cost to Defendant.

22. Defendant sent a letter to Plaintiff stating the reason for declining to extend the alternative of testing was that such an accommodation would be an undue burden on Defendant.

23. Plaintiff refused to receive the first dose of her COVID-19 vaccination due to the conflict with her sincerely held religious belief.

24. Thereafter, Defendant terminated Plaintiff's Employment on or about September 19, 2021.

25. Defendant had control over implementing the state-mandated condition of employment.

26. By failing to accept free, weekly testing as an alternative, Defendant deprived Plaintiff of the option to meet the condition of employment imposed upon her and was subsequently terminated.

27. Plaintiff was willing to submit to weekly testing, but Defendant denied her that option.

28. This denial of a reasonable, least restrictive, and mandated alternative caused Defendant to not be in compliance with the Executive Order.

29. Defendant also favored employees who did not request religious exemptions by offering "prizes" to employees who had been fully vaccinated.

30. Drawings for these prizes occurred, upon information and belief, on:

   a. September 20, 2021: Prize was an Apple Watch Series 6 (GPS, 40mm);

   b. October 19, 2021: Prize was a Ring Alarm 8-Piece Kit (2nd Gen) with Ring Video Doorbell (2020 Release) and Echo Show 5 (1st Gen);

   c. November 18, 2021: Prize was Samsung 82" Class TU700D-Series Crystal Ultra HD 4k Smart TV;

31. A prerequisite of eligibility for these drawings was receiving a full vaccination and showing proof of their vaccination cards.

32. Upon information and belief, these prizes were not offered to individuals with religious exemptions; thereby separating them from the rest of their co-workers based solely on their religious beliefs.

33. Plaintiff filed a charge with the EEOC on or about November 30, 2021, for discrimination on the basis of religion.

34. Plaintiff was discriminated against on the basis of her religious beliefs in violation of Title VII and IHRA.

35. Further, Defendant failed to offer a reasonable accommodation pursuant to Title VII, IHRA, and the Executive Order.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RELIGION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.* ("Title VII")

36. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

37. At all material times, Defendant Hospice of Southern Illinois, was an employer within the meaning of Title VII, as amended.

38. At all material times, Plaintiff was an employee within the meaning of Title VII, as amended.

39. At all material times, Plaintiff identified as an a religious individual and requested an exemption due to her sincerely held religious beliefs. As a result, Plaintiff is a member of a protected class pursuant to Title VII.

7

40. Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate against an employee on the basis of that employee's religion.

41. Defendant's conduct, as alleged herein, violated Title VII.

42. Defendant's termination of Plaintiff's employment a discriminatory impact upon her due solely to her sincerely held religious beliefs.

43. Defendant denied Plaintiff a reasonable accommodation due to her sincerely held religious beliefs in violation of both Title VII and the Executive Order.

44. A respondeat superior relationship existed because the person(s) responsible for terminating Plaintiff were employed and otherwise controlled by Defendant.

45. Defendant and its agents' unlawful actions were intentional, willful, malicious, and done with reckless disregard for Plaintiff's rights.

46. Plaintiff notified Defendant of the sincerity of her beliefs and submitted additional documentation from her Pastor to further support the genuineness of her religious beliefs regarding the COVID-19 vaccine.

47. As alleged in the statement of facts, Plaintiff's beliefs were acknowledged, but Defendant refused to offer a mandated alternative to the vaccination in the form of weekly testing.

48. As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered past wage loss, future wage loss and earning capacity.

49. As a proximate cause of Defendant's discriminatory actions, Plaintiff's physical health suffered.

50. As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered humiliation, anxiety, mental anguish, and emotional distress.

51. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

52. Plaintiff requests the relief as described in the Prayer for Relief below.

## COUNT II
## DISCRIMINATION ON THE BASIS OF RELIGION IN VIOLATION ILLINOIS HUMAN RIGHTS ACT ("IHRA") 775 ILCS 5/2-101(F)

53. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

54. At all material times, Defendant Hospice of Southern Illinois, was an employer within the meaning of IHRA.

55. At all material times, Plaintiff was an employee within the meaning of IHRA.

56. At all material times, Plaintiff identified as a religious individual and requested an exemption due to her sincerely held religious beliefs. As a result, Plaintiff is a member of a protected class pursuant to IHRA.

57. IHRA 775 ILCS 5/2-101(F) makes it unlawful to discriminate against an employee on the basis of that employee's religion.

58. Defendant's conduct, as alleged herein, violated IHRA 775 ILCS 5/2-101(F).

59. Defendant's termination of Plaintiff's employment a discriminatory impact upon her due solely to her sincerely held religious beliefs.

60. Defendant denied Plaintiff a reasonable accommodation due to her sincerely held religious beliefs in violation of both IHRA and the Executive Order.

61. A respondeat superior relationship existed because the person(s) responsible for terminating Plaintiff were employed and otherwise controlled by Defendant.

62. Defendant and its agents' unlawful actions were intentional, willful, malicious, and done with reckless disregard for Plaintiff's rights.

63. Plaintiff notified Defendant of the sincerity of her beliefs and submitted additional documentation from her Pastor to further support the genuineness of her religious beliefs regarding the COVID-19 vaccine.

64. As alleged in the statement of facts, Plaintiff's beliefs were acknowledged, but Defendant refused to offer a mandated alternative to the vaccination in the form of weekly testing.

65. As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered past wage loss, future wage loss and earning capacity.

66. As a proximate cause of Defendant's discriminatory actions, Plaintiff's physical health suffered.

67. As a proximate cause of Defendant's discriminatory actions, Plaintiff suffered humiliation, anxiety, mental anguish, and emotional distress.

68. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

69. Plaintiff requests the relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

Plaintiff Lisa Mann requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  January 30, 2023					Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens (6296269)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com